DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone: (310) 337-1137
Facsimile: (310) 337-1157
Email: Donald@amamgbolaw.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616

Email: Reggiet2@aol.com



**ADR**

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MONIQUE PATRICK, and individual, on behalf herself and all others similarly situated, | CASE NO.: **C11-03361 JCS** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA CIVIL CODE § 1747.08** |
| FERRERO U.S.A., INC., a Delaware corporation, and DOES 1 through 50, Inclusive, | |
| Defendants. | |

Plaintiff MONIQUE NOBLE ("Plaintiff" or "Patrick"), on behalf of herself, all others similarly situated, and the general public, by and through the undersigned counsel, and upon information and belief and investigation of counsel, hereby alleges as follows against FERRERO U.S.A., INC. ("Defendant" or "Ferrero"):

1

**THE PARTIES**

2     1.     Plaintiff Ms. Patrick is, and was at all relevant times herein mentioned, a resident
3 of Alameda County, California who purchased Nutella ® for herself and her four-year-old child
4 because she sought a healthy snack or breakfast alternative for her household.

5     2.     Plaintiff is informed and believes and thereon alleges that FERRERO U.S.A.,
6 INC. ("Defendant Ferrero"), at all relevant times herein alleged, is a Delaware corporation with
7 its principal place of business in New Jersey. Plaintiff is further informed and believes and
8 thereon alleges that Ferrero is and was at all times relevant herein admitted to do and does
9 conduct business within the State of California, the County of San Diego and this judicial district
10 under the laws of the State of California.

11     3.     Plaintiff is informed and believes and thereon alleges that Ferrero is the
12 manufacturer of Nutella ® spread.

13     4.     Whenever the Complaint refers to any act or acts of Defendant Ferrero, the
14 references shall include the directors, officers, employees, affiliates, or agents of Defendant
15 Ferrero who authorized such act while engaged in the management, direction, or control of the
16 affairs of Defendant.

17     5.     Plaintiffs have incurred and, during the pendency of this action, will incur
18 expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the
19 prosecution of this action and will result in a benefit to each of the members of the class.

20

**JURISDICTION AND VENUE**

21     6.     This court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (The Class
22 Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000,
23 exclusive of interest and costs, and there are numerous members of class of plaintiffs that are
24 citizens of a state other than the state of which Defendant Ferrero is a citizen.

25     7.     This court has personal jurisdiction over Defendant Ferrero, and each of them, as
26 they are at all relevant times hereinafter mentioned and have been operating or conducting
27 business throughout the state of California and within this judicial district.

28

---

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action occurred in this District and Defendant Ferrero is authorized to conduct business in this District and has intentionally availed itself of the laws and markets of this District through promotion, marketing, distribution, and sale of its products in this District.

## INTRODUCTION

9. Plaintiff repeatedly purchased packaged food products manufactured by Ferrero in California during the class period defined herein.

10. Ms. Patrick has a seven year old child. At various times during the class period, Ms. Patrick purchased Nutella ® spread after being exposed to and relying upon advertisements and representations by Defendant Ferrero that Nutella® is a "healthy breakfast" and is "nutritious." Ms. Patrick was searching for healthy foods to serve her family for breakfast or as a snack because she is aware that healthy nutrition is important for maintaining the overall health of her family. Ms. Patrick trusted the representations by made by Ferrero in its labeling Nutella®, "An example of a tasty yet *balanced breakfast*," in association with a picture showing fresh fruits, whole wheat bread, and orange juice. Ms. Patrick believed based on this representations that Nutella® is part of a healthy meal. The Nutella® label also includes a link to a website showing pictures of a mother feeding Nutella® to happy, healthy children. Nutella®, however, contains about 70% saturated fat and processed sugar by weight. Both these ingredients significantly contribute to America's alarming increases in childhood obesity, which can lead to life-long health problems. Therefore, Nutella® is not part of a nutritionally "balanced" breakfast for consumption by children as Defendant Ferrero's advertising deceptively suggests.

11. In or around December 2010, Ms. Patrick learned through friends what ingredients were in the Nutella® that she was feeding her family. She was shocked to learn that Nutella® was in fact not a "healthy" "nutritious" food but instead was the next best thing to a candy bar, and that Nutella® contains dangerous levels of saturated fat, the consumption of which has been shown to cause heart disease and other serious health problems. Nutella®

1   contains over 55% processed sugar, the consumption of which has been shown to cause type-2

2   diabetes and other serious health problems. In short, Nutella® is simply not a "healthy" or

3   "nutritious" product to consume.

4       12.    Ferrero falsely and misleadingly markets Nutella® as healthful although it

5   contains dangerous levels of saturated fat, which can increase the blood cholesterol levels in

6   those who consume it. Saturated fat is the main dietary cause of high blood cholesterol.

7   Moreover, high levels of cholesterol can increase ones' risk of a heart attack, stroke, and

8   narrowed arteries (atherosclerosis).

9       13.    Plaintiffs seek an order compelling Ferrero to (1) cease marketing its products

10   using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign,

11   (3) restore the amounts by which Ferrero was unjustly enriched, and (4) destroy all misleading

12   and deceptive materials and products.

13   **SPECIFIC MISREPRESENTATIONS, MATERIAL OMISSIONS AND DECEPTIVE**

14   **ACTS**

15       14.    Ferrero labeled Nutella® representing that it is "An example of a tasty yet

16   *balanced breakfast*," in association with a picture showing fresh fruits, whole wheat bread, and

17   orange juice. Ferrero also made representation that Nutella® is part of a healthy meal. The

18   Nutella® label also includes a link to a website showing pictures of a mother feeding Nutella®

19   to happy children. Ferrero also broadcast television commercials portraying a mother feeding

20   Nutella® to happy children. Ferrero also made representations that consumption of Nutella® is

21   beneficial to children. Ferrero did and intended to convey with its statements and images that

22   Nutella® is a wholesome and healthful product, when in fact consuming Nutella® daily, a

23   behavior Ferrero implies though its advertising is healthful and not harmful, could create a

24   substantial risk, raise cholesterol levels, cause disease, damage to the heart, and increase the risk

25   and severity of type-2 diabetes. Ferrero's misleading health claims are reinforced by deceptive

26   images a glass of milk, fruit, and whole wheat toast used throughout its advertising campaign.

27       15.    **False and misleading *"balanced nutrition"* Claim and Images:** Ferrero has

28   engineered a marketing campaign focusing on the purported "nutritional" value of Nutella® as a

breakfast food. For instance, its ad campaign includes images and videos of wholesome families and happy, healthy children enjoying Nutella® for breakfast before going to school. This claim is misleading because Nutella® contains high levels of saturated fats, which harms the heart by raising blood cholesterol levels, a fact Ferrero deceptively omits. Moreover, the nutritional value claimed, if any, is not derived from Nutella®, but instead is dependent on whatever *other* foods or drinks (such as the whole grain bagel, ½ cup of sliced strawberries and 1 cup of 1% milk) that are advertised to be consumed along with Nutella®. Furthermore, these claims are *not complete, not truthful,* and *highly misleading* because Nutella® contains unhealthy levels of saturated fats that are harmful to the heart by raising cholesterol levels. Additionally, the stated nutritional facts for Nutella® are comparable to other foods that are not considered part of a "balanced" breakfast. For example, Nutella® has *more* saturated fat than Hershey's PAYDAY Peanut Caramel Bar (2.5g of saturated fat) and the same amount of saturated fat as a Twix Ice Cream bar.

## RELIANCE AND INJURY

16. When purchasing Nutella®, Plaintiff was seeking, for herself and her household, a healthy snack or breakfast alternative, including a product that did not negatively affect blood cholesterol levels or the health of her or her families' cardiovascular systems, as well as products made with natural, healthy ingredients.

17. Plaintiff understood and relied upon Ferrero's misrepresentations for each purchase of Nutella® made during the class period, including, for example, "moms are helping nourish their children with whole grains," "A *balanced breakfast* is key to a great start each morning for the entire family, especially for children," "An example of a tasty yet *balanced breakfast*," and "Nutella® can form a part of a *balanced meal*."

18. Plaintiff purchased Nutella® believing it had the qualities she sought based on its deceptive advertising and misrepresentations, but the product was actually unsatisfactory to her for the reasons described herein.

19. Nutella® costs more than similar products without misleading advertisements and misrepresentations, and would have cost less absent the false and misleading statements.

CLASS ACTION COMPLAINT

5

20.     Plaintiff and class members paid more for Nutella®, and would have only been willing to pay less, if anything at all, had they not been misled by the false and misleading advertisements and misrepresentations complained of herein. Plaintiff and class members would not have purchased Nutella® at the prices they did, or would not have purchased Nutella® at all, absent Defendant Ferrero's false and misleading advertisements and misrepresentations.

21.     For these reasons, Nutella® was worth less than what Plaintiff and class members paid.

22.     Plaintiff and class members purchased Nutella® instead of competing products based on the false statements and misrepresentations described herein.

23.     Instead of receiving products that have the advantages inherent in being free of high levels of saturated fat and comprised of natural, healthy ingredients, Plaintiff and class members received products that were compromised of highly-refined, highly-processed, and nutritionally empty ingredients, and dangerous levels of saturated fats.

24.     Plaintiff and class members lost money as a result of Ferrero's deception in that they did not receive what they paid for.

25.     Plaintiff and class members altered their position to their detriment and suffered damages in an amount equal to the amount they paid for Nutella®.

## DELAYED DISCOVERY

26.     Plaintiff was a reasonably diligent consumer looking for products for herself and her family household that were generally healthy and nutritious. Nevertheless, Plaintiff did not discover that Ferrero's labeling of Nutella® was false, deceptive, or misleading until December 2010.

27.     Plaintiff was unaware of the grave health consequences products like Nutella® before that time.

28.     Plaintiff is not a nutritionist, food expert, or food scientist; she is along consumers who did not possess the specialized knowledge Ferrero had which otherwise would have enabled her to associate high levels of saturated fat and refined sugar with disease.

29.     Plaintiff, in the exercise of reasonable diligence, could not have discovered

Ferrero's deceptive practices earlier because, like nearly all consumers, she does not read

scholarly publications or other materials describing the negative impact of consuming foods high

in saturated fat and refined sugars.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on behalf of herself and the following classes in

accordance with Rule 23 of the Federal Rules of Civil Procedure:

**A. Restitution Class** – All persons (excluding officers, directors, and employees of Ferrero) who purchased, on or after January 1, 2000 (the "class period"), one or more of Nutella® products in the United States for their own or household use rather than resale of distribution.

**B. Injunctive Relief Class** – All persons (excluding officers, directors, and employees of Ferrero_ who commonly purchase or are in the market for Nutella® in the United States for their own or household use rather than resale or distribution.

31.     Questions of law and fact common to Plaintiffs and the classes include:
   a. Whether Ferrero contributed to, committed, and/or is responsible for the conduct alleged herein;
   b. Whether Ferrero's conduct constitutes the violations of laws alleged herein;
   c. Whether Ferrero acted willfully, recklessly, negligently, or with gross negligence in the violations of law alleged herein;
   d. Whether Class Members are entitled to injunctive relief; and
   e. Whether Class Members are entitled to restitution.

32.     By purchasing and/or using Nutella®, all class members were subjected to the same wrongful conduct.

33.     Absent Ferrero's material deception, misstatements, and omissions, Plaintiff and other class members would not have purchased Nutella®.

34.     Plaintiff's claims are typical of the classes' claims. Plaintiff will fairly and adequately protect the interests of the classes, has no interests that are incompatible with the interests of the classes, and has retained counsel competent and experienced in class litigation.

1    35.    The classes are sufficiently numerous, as they include at least hundreds of

2  thousands of individuals who purchased Nutella®  throughout the United States during the class

3  period.

4    36.    Class representation is superior to other options for the resolution of the

5  controversy. The relief sought for each Class member is small.  Absent the availability of class

6  action procedures, it would be infeasible for Class members to redress the wrongs done to them.

7    37.    Ferrero has acted on grounds applicable to the classes, thereby making

8  appropriate final injunctive relief or declaratory relief concerning the classes as a whole.

9    38.    Questions of law and fact common to the classes predominate over any questions

10  affecting only individual members.

11    39.    Class treatment is appropriate under FRCP 23(a) and both 23(b)(2) and 23(b)(3).

12  Plaintiffs do not contemplate class notice if the classes are certified under FRCP 23(b)(2), which

13  does not require notice, and notice via publication if the classes are certified under FRCP

14  23(b)(3) or if the Court determines class notice is required notwithstanding that notice is not

15  required under FRCP 23(b)(2).  Plaintiff will, if notice is required, confer with Defendant Ferrero

16  and seek to present the Court with a stipulation and proposed order on the details of a class

17  notice plan.

18
## FIRST CAUSE OF ACTION
### Violations of the California Unfair Competition Law,
19
### Bus. & Prof. Code §§ 17200 et seq.

20    40.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as

21  if set forth in full herein.

22    41.    Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business

23  act or practice."

24    42.    The acts, omissions, misrepresentations, practices, and non-disclosures of Ferrero

25  as alleged herein constitute "unlawful" business acts and practices in that Ferrero's conduct

26  violates the False Advertising Law and Consumer Legal Remedies Act.

     43.    Ferrero's conduct is further "unlawful" because it violates the following
27  provisions of the Federal Food, Drug, and Cosmetic Act ("FFDCA") and it's implementing
     regulations:
28

a. 21 U.S.C. § 343(a), which deems food misbranded when the label contains a statement that is "false or misleading in any particular";

b. 21 C.F.R. § 101.13(i)(3), which bars nutrient content claims voluntarily placed on the front of a product label that are "false or misleading in any respect";

c. 21 C.F.R. § 101.13(d)(2)(ii)-(iii), in that Ferrero's claims concerning the supposed benefits of Nutella® to health are not limited to describing the value that ingesting the substance may have on a particular health related condition, and further because they are not complete, not truthful, and highly misleading; and

d. 21 C.F.R. § 1.21, which prohibits true statements about ingredients that are misleading in light of the presence of other ingredients.

44. Ferrero's conduct also violates the California Food, Drug, and Cosmetic Law ("Sherman Law"), at, *inter alia*,(a) Health & Safety Code § 110660, which deems food products "misbranded" if their labeling is "false or misleading in any particular," and (b) Health & Safety Code § 110670, which bars nutrient content and health claims voluntarily placed on the front of a product label that fail to comply with the federal regulation for nutrient content and health claims.

45. Each of the challenged statements made by Ferrero, by violating the FFDCA and Sherman Law, further violate the "unlawful" prong of the UCL.

46. Ferrero's conduct also violates the California False Advertising Law and Consumer Remedies Act, as further described herein, and for that reason further violates the UCL's "unlawful" prong.

47. Ferrero leveraged its deception to induce Plaintiff and class members to purchase products that were of lesser value and quality than advertised.

48. Plaintiff and class members suffered injury in fact and lost money or property as a result of Ferrero's deceptive advertising in that they were denied the benefit of the bargain when they decided to purchase Nutella® over competitor products, which are less expensive and/or contain healthier ingredients, or which do not claim, like Nutella®, to be healthy. Had Plaintiff and class members been aware of Ferrero's false and misleading advertising tactics, they would have paid less than what they did for Nutella® or not purchased the product at all.

CLASS ACTION COMPLAINT                                                                 9

49.  In accordance with Bus. & Prof. Code §17203, Plaintiff seeks an order enjoining Ferrero from continuing to conduct business through unlawful, unfair and/or fraudulent acts and practices and to commence a corrective advertising campaign.

50.  Plaintiff also seeks an order for the disgorgement and restitution of all monies from the sale of Nutella®, which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## SECOND CAUSE OF ACTION
### Violations of the California Unfair Competition Law
### Bus. & Prof. Code §§ 17200 et seq.

51.  Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

52.  Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

53.  The false and misleading labeling of Nutella®, as alleged herein, constitutes "unfair" business acts and practices because such conduct is immoral, unscrupulous, and offends public policy. Further, the gravity of Ferrero's conduct outweighs any conceivable benefit of such conduct.

54.  Defendant Ferrero placed Nutella® into the stream of commerce with knowledge that, through the intended use of such products, individuals, including young children, will be exposed to high and dangerous levels of saturated fat and highly-refined sugars.

55.  Defendant Ferrero knew or should have known that high and dangerous levels of saturated fat and sugar causes heart disease, type 2 diabetes, cancer and death.

56.  The acts, omissions, misrepresentations, practices, and non-disclosures of Ferrero as alleged herein constitute "fraudulent" business acts and practices because Ferrero's conduct is false and misleading to Plaintiff, class members, American consumers, and the general public.

57.  Defendant Ferrero's labeling and marketing of Nutella® using claims such as "balanced nutrition," "moms are helping nourish their children with whole grains," "A *balanced breakfast* is key to a great start each morning for the entire family, especially for children," "An example of a tasty yet balanced breakfast, and "Nutella® can form part of a balanced meal." –

CLASS ACTION COMPLAINT                                                                                    10

1  which are likely to create expectations of safety and well-being among consumer – is likely to
2  deceive class members, American consumers, and the general public about the healthfulness and
3  safety of Defendant Ferrero's Nutella® product.

4  58.    Defendant Ferrero either knew or reasonably should have known that the claims
5  on the labels of Nutella® were untrue and misleading.

6  59.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining
7  Ferrero from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and
8  practices and to commence a corrective advertising campaign.

9  60.    Plaintiff also seeks an order for the disgorgement and restitution of all monies
10 from the sale of Nutella®, which were unjustly acquired through acts of unlawful, unfair, and/or
11 fraudulent competition.

**THIRD CAUSE OF ACTION**
**Violation of the California False Advertising Law,**
**Bus. & Prof. Code § 17500 et seq.**

12
13

14 61.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as
15 if set forth in full herein.

16 62.    In violation of Bus. & Prof. Code § 17500 et seq., the advertisements, labeling,
17 policies, acts, and practices described herein were designed to, and did, result in the purchase and
18 use of the products without the knowledge that Nutella® contain high levels of saturated fat.

19 63.    Ferrero either knew or reasonably should have known that the labels on Nutella®
20 were false and misleading.

21 64.    As a result, Plaintiffs, the classes, and the general public are entitled to injunctive
22 and equitable relief, restitution, and an order for the disgorgement of the funds by which Ferrero
23 was unjustly enriched.

24
25
26
27
28

CLASS ACTION COMPLAINT                                                                    11

## FOURTH CAUSE OF ACTION
### Violations of the Consumer Legal Remedies Act
### Civ. Code § 1750 *et seq*.

65.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

66.     The CLRA has adopted a statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services primarily or personal, family, or household purposes.

67.     Ferrero's policies, acts, and practices were designed to, and did, result in the purchase and use of the products primarily for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

   a.  § 1770(a)(5): representing that goods have characteristics, uses or benefits which they do not have
   b.  § 1770(a)(7): representing that goods are of a particular standard, quality or grade if they are of another.
   c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised.
   d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

68.     As a result, Plaintiff and class members have suffered irreparable harm and are entitled to injunctive relief.

69.     In compliance with Civ. Code § 1782, Plaintiff has given written notice to Ferrero of their claims.

## FIFTH CAUSE OF ACTION
### Breach of Express Warranty

70.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

71.     Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth hereinabove, Defendant Ferrero made representation to the public, including Plaintiff, by its advertising, packaging and other means, that Nutella® is "an example of a tasty yet *balanced breakfast*," among other representations.

CLASS ACTION COMPLAINT                                                                    12

1 | That promise became part of the basis of the bargain between the parties and thus constituted an
2 | express warranty.

3 | 72. Thereon, Defendant Ferrero sold the goods to Plaintiff and other consumers, who
4 | bought the goods from Defendant Ferrero.

5 | 73. However, Defendant Ferrero breached the express warranty in that the goods were
6 | in fact not an "example of a tasty yet *balanced breakfast*," or healthy, as set forth in detail
7 | hereinabove. As a result of this breach, Plaintiff and the other consumers in fact did not receive
8 | goods as warranted by Defendant Ferrero'

9 | 74. As a proximate result of this breach of warranty by Defendant Ferreros, Plaintiffs
10 | and other consumers have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### Breach of Implied Warranty of Merchantability

75. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as
if set forth in full herein.

76. Beginning at an exact date unknown to Plaintiff, but at least since four years prior
to the filing date of this action, and as set forth hereinabove, Defendant Ferrero made
representations to the public, including Plaintiffs, by their advertising, packaging and other
means that Nutella® is "an example of a tasty yet *balanced breakfast*," among other
representations. Plaintiff and other consumers bought those goods from Defendant Ferrero.

77. Defendant Ferrero was a merchant with respect to goods of this kind which were
sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and other consumers
an implied warranty that those goods were merchantable.

78. However, Defendant Ferrero breached that warranty implied in the contract for
the sale of goods in that Nutella® is in fact not "an example of a tasty yet *balanced breakfast*"
and is also not a neither "healthy nor nutritious" breakfast food, as set forth in detail hereinabove.

79. As a result of Defendant Ferrero's conduct, Plaintiff and other consumers did not
received goods as impliedly warranted by Defendant Ferrero to be merchantable.

CLASS ACTION COMPLAINT 13

80. As a proximate result of this breach of warranty by Defendant Ferrero, Plaintiff and other consumer have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Ferrero and all of the Defendant Ferrero as follows:

A. For an order certifying this action and/or common issues raised herein as a "Class Action" under the appropriate provision of Federal Rule of Civil Procedure 23; designating Class Representatives; and appointing the undersigned to serve as class counsel;

B. For notice of class certification and of any other relief to be disseminated to all class members and for such other further notices as this court deems appropriated under Fed. R. Civ. P. 23(d)(2);

C. For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the purported effectiveness of Ferrero;

D. For an order barring Defendant from destroying or removing any computer or similar records that record evidence related to the purported health benefits of Ferrero;

E. For an order barring Defendant from attempting, on its own or through its agents, to induce any putative class members to sign any documents which in any way releases any of the claims of any Putative Class Members;

F. For an award of compensatory damages in the amount to be determined for all injuries and damages described herein;

G. For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

H. Awarding restitution and disgorgement of Ferrero's revenues to the Plaintiff and the proposed class members;

I. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to

identify, with court supervision, victims of its conduct and pay them restitution and disgorgement

of all monies acquired by Defendant by means of any act or practice declared by the court to be

wrongful;

J. Compelling Ferrero to engage in a corrective advertising campaign;

K. Awarding attorneys fees and costs; and

L. Providing such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Williams hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: July 4, 2011

THE TERRELL LAW GROUP
AMAMGBO & ASSOCIATES

REGINALD TERRELL, ESQ.

DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone: (310) 337-1137
Facsimile: (310) 337-1157

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616